ORIGINAL

# In the United States Court of Federal Claims

No. 17-1336

Filed: August 2, 2018

**FILED**

**AUG 2 2018**

**U.S. COURT OF FEDERAL CLAIMS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RICHARD AND CYNTHIA WATSON,

    Plaintiffs, *pro se*,

v.

THE UNITED STATES,

    Defendant.

Rules of the United States Court of Federal Claims 41(Dismissal of Actions), 60 (Relief From a Judgment or Order).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND FINAL ORDER

On September 26, 2017, Plaintiffs filed a Complaint in the United States Court of Federal Claims, alleging, *inter alia*, that: (1) "the Internal Revenue Service and the [United States] Justice Department attorneys are operating in blatant violation of Article I, Section 2, Clause 3 of the United States Constitution, commanding that all direct taxes be apportioned to the states for collection," ECF No. 1 at 4 (emphasis omitted); (2) "the Internal Revenue Service and the [United States] Justice Department attorneys are also operating in blatant violation of Article I, Section 9, Clause 4 of the United States Constitution, prohibiting any direct tax that is not laid in proportion to the last census," ECF No. 1 at 4 (emphasis omitted); (3) the United States and employees of the Internal Revenue Service violated Plaintiffs' rights guaranteed under the Fourth, Fifth, Seventh, and Fourteenth Amendments, ECF No. 1 at 7–8, 13–14 (emphasis omitted); (4) "egregious ongoing constitutional fraud . . . is being perpetrated on . . . Plaintiff[s] today by one or more of the three branches of the Defendant," ECF No. 1 at 18 (emphasis omitted); and (5) "the crime of forgery [is] being perpetrated by the Defendant's Revenue Agents and or Officers with respect to signing and filing of the Notices of Federal tax Liens that have been filed," ECF No. 1 at 20 (emphasis omitted).

On November 21, 2017, the Government filed a Motion For Enlargement Of Time, requesting an additional forty-five days within which to respond to the September 26, 2017 Complaint. ECF No. 5. On November 27, 2017, the court issued an Order granting the Government's November 21, 2017 Motion. ECF No. 6.

On January 9, 2018, the Government filed a Motion To Dismiss the September 26, 2017 Complaint. ECF No. 7. Plaintiffs' response to the Government's January 9, 2018 Motion To Dismiss was due on February 2, 2018. Plaintiffs did not file a response on, or before, February 2, 2018.

On February 28, 2018, the court issued an Order To Show Cause, requiring Plaintiffs to show cause why the above-captioned case should not be dismissed for failure to prosecute, pursuant to Rule of the United States Court of Federal Claims ("RCFC") 41(b). ECF No. 8. Plaintiffs' response was due on March 14, 2018. Plaintiffs did not file a response on, or before, March 14, 2018.

On March 19, 2018, Plaintiffs filed a "Response To Show Cause," dated March 12, 2018. ECF No. 9. The March 19, 2018 Response restated a number of allegations from the September 26, 2017 Complaint and asserted that "Plaintiff[]s intend to prosecute the above[-]captioned case to the full extent of the [l]aw," and that "[t]here is sufficient evidence regarding these issues to validate this case[, and a]ll documents and witnesses are available[.]" ECF No. 9 at 1–2.

On March 31, 2018, the court issued an Order dismissing the September 26, 2017 Complaint, pursuant to RCFC 41(b). ECF No. 10. The March 31, 2018 Order stated that the untimely March 19, 2018 Response did not object to the Government's January 9, 2018 Motion To Dismiss nor provide any explanation of Plaintiffs' failure to timely file a response either to the Government's January 9, 2018 Motion To Dismiss or the February 28, 2018 Order To Show Cause. ECF No. 10 at 2. Accordingly, the September 26, 2017 Complaint was dismissed for failure to prosecute. ECF No. 10 at 2.

On June 6, 2018, Plaintiffs filed an "Objection For Dismissal Of Complaint," asserting that the dismissal of the September 26, 2017 Complaint was caused by a clerical error and resulted in a deprivation of due process. ECF No. 12. The June 6, 2018 Objection also stated that Plaintiffs were not aware that a response was required either to the Government's January 9, 2018 Motion To Dismiss or the February 28, 2018 Order To Show Cause by a certain date. ECF No. 12 at 1.

The June 6, 2018 Objection cited Rule 60(a)–(b) of the Federal Rules of Civil Procedure, without any argument. ECF No. 12 at 1. Instead, the June 6, 2018 Objection focused on whether the United States Postal Service receipt of the March 19, 2018 Response was "deemed" as receipt by the court. ECF No. 12 at 1. Plaintiffs did not attach any documentation to verify any allegation, nor cite any rule, relevant law, or other source of authority. *See generally* ECF No. 12.

Because the June 6, 2018 Objection cited Rule 60(a)–(b) of the Federal Rules of Civil Procedure, the court construes that pleading as a motion for relief from an Order. In relevant part, that rule provides that the court may: (1) correct any "clerical mistake or . . . mistake arising from oversight or omission whenever one is found," RCFC 60(a); and (2) relieve a party from a final order for reasons such as "mistake, inadvertence, surprise, . . . excusable neglect," newly discovered evidence, fraud, misrepresentation, and "any other reason that justifies relief," RCFC 60(b).

The June 6, 2018 Objection, however, did not allege any clerical mistake or other reason that would justify relief from the March 31, 2018 Order dismissing the September 26, 2017 Complaint. *See generally* ECF No. 12. The June 6, 2018 Objection quoted three federal court decisions, none of which are relevant to a motion for relief under RCFC 60. ECF No. 12 at 2 (quoting *Warnock v. Pecos County*, 88 F.3d 341, 343[1] (5th Cir. 1996) ("[The] Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that the state official acted in violation of federal law."); *Walker Process Equip. v. Food Machinery*, 382 U.S. 172 (1965);[2] *Morton v. Mancari*, 417 U.S. 535, 551 (1974) ("The courts are not at liberty to pick and choose among congressional enactments, and when two statutes are capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.")). The remainder of the June 6, 2018 Objection recited, nearly verbatim, the Prayer for Relief from the September 26, 2017 Complaint. *Compare* ECF No. 12 at 2–4, *with* ECF No. 1 at 20–22.

Even if the court had accepted the March 19, 2018 Response, that pleading was not responsive either to the Government's January 9, 2018 Motion To Dismiss or the February 28, 2018 Order To Show Cause. In addition, although Plaintiffs cite the standard of review for a motion to dismiss for failure to state a claim upon which relief can be granted under RCFC 12(b)(6), the court need not reach that issue, because the court does not have jurisdiction to adjudicate the claims alleged in the September 26, 2017 Complaint.

For these reasons, the court has determined that the March 19, 2018 Response, dated March 12, 2018, was untimely and did not show cause why Plaintiffs' September 26, 2017 Complaint should not be dismissed. In addition, the court has determined that Plaintiffs' June 6, 2018 Objection did not meet the requirements of RCFC 60(a) or (b) and therefore provided no basis for the court to vacate the March 31, 2018 Order dismissing Plaintiffs' September 26, 2017 Complaint.

**IT IS SO ORDERED.**

_____
**SUSAN G. BRADEN**
**Senior Judge**

---

[1] The June 6, 2018 Objection did not provide a pinpoint citation for the material quoted from this decision. The court has supplied this pinpoint citation.

[2] The June 6, 2018 Objection cited this case for the proposition that, "[i]n a 'motion to dismiss, the material allegations of the complaint are taken as admitted.' The courts are reluctant to dismiss complaints unless it appears [t]he plaintiff, no set of facts in support of his claim which would entitle him to relief." But, this quote does not appear in *Walker Process Equip. v. Food Machinery*, 382 U.S. 172 (1965).